IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CARL ROGER PIIALII MINNS, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF HAWAII, *et al.*, <br><br> Defendants. | Case No. 25-cv-00465-DKW-RT <br><br> **ORDER (1) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On October 30, 2025, Plaintiff Pro Se Carl Roger Piialii Minns, Jr. filed a Complaint against the State of Hawaii, the State's Intermediate Court of Appeals, Supreme Court, and Child Support Enforcement Agency, and Leiana Davenport. Dkt. No. 1. Plaintiff concurrently filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 2.

Plaintiff's nearly incomprehensible Complaint is frivolous. Rather than allegations, Plaintiff merely copy-pastes a slew of court decisions and international treaties, punctuated by his own commentary. *See generally* Dkt. No. 1. As best

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

can be discerned,[3] Plaintiff seeks to overturn a judgment from the Family Court of the First Circuit of the State of Hawaiʻi, which split custody of Plaintiff's minor child with his ex-wife. *Id*. at 8–22. Plaintiff claims that the judgment of the Family Court should not apply to him because he is a "royal-heir" and citizen of the Kingdom of Hawaiʻi, and thus not subject to Hawaiian state law. *Id*. at 7–8. His Complaint is styled as a petition for writ of certiorari, a process foreign to this court. *Id*. at 3.

For a variety of reasons, the Complaint must be dismissed. First, Plaintiff's claims that the Kingdom of Hawaiʻi exists as a sovereign unit and that he is bound only by the laws of the non-existent Kingdom lack any basis in reality. *See United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) ("The appellants have presented no evidence that the Sovereign Kingdom of Hawaii is currently recognized by the federal government"); *Simeona v. United States*, No. 09-CV-00312, 2009 WL 2025319, at *2 (D. Haw. July 10, 2009) ("Federal cases have . . . rejected claims based on the argument that a person is member of the Kingdom of Hawaii."); *Hawaii v. Kaulia*, 128 Haw. 479, 487 (2013) (finding that "[i]ndividuals

---

[3] The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

claiming to be citizens of the Kingdom [of Hawai'i] and not of the State are not exempt from application of the State's laws"). To the extent that Plaintiff asserts that his purported heritage exempts him from state law, he is sorely mistaken. *See Simeona*, 2009 WL 2025319, at *2 ("[C]ourts have found that the laws of Hawaii apply to Native Hawaiians.").

Second, this Court is one of limited jurisdiction and does not sit in review of state court judgments in most circumstances. *See Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir. 2003) (holding that federal district courts lack "subject matter jurisdiction to hear a direct appeal from the final judgment of a state court" and "[t]he United States Supreme Court is the only federal court with jurisdiction to hear such an appeal"); *MacKay v. Pfeil,* 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."). This is particularly true in matters concerning family law, over which federal courts have no authority. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (holding that federal courts have no "power to issue divorce, alimony, and child custody decrees").

Third, Plaintiff claims to be seeking a writ of certiorari. But such a writ does not exist in this court. In the federal system, certiorari is relief that may be awarded

3

only when appealing "judgments or decrees rendered by the highest court of a State" to the United States Supreme Court. *See* 28 U.S.C. § 1257. If that is what Plaintiff intended, he filed his petition in the wrong place.

    Accordingly, the Complaint does not state a claim and must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed.R.Civ.P. 8(a)(1). Typically, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013). Here, however, Plaintiff's Complaint is solely concerned with challenging a state Family Court judgment, over which this court has no jurisdiction, on a basis that is not recognized in the law. These defects cannot be fixed, and therefore granting leave to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is appropriate where amendment would be futile); *Foster v. Dolan*, No. 14-CV-00108 (HG)(BMK), 2015 WL 1647432, at *3 (D. Haw. Apr. 13, 2015) (denying leave to amend where the court lacked jurisdiction because it was "absolutely clear that no amendment can cure the defects" in the complaint). Because leave to amend is not warranted, the Court DISMISSES the Complaint with prejudice.

The IFP Application, Dkt. No. 2, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: November 7, 2025 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Carl Roger Piialii Minns, Jr. v. State of Hawaii, et al*; Civil No. 25-00465 DKW-RT; **ORDER (1) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; AND (2) DENYING AS MOOT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**